United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Securities and Exchange Commission, Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 86-06832-Civ-Scola<br>) |
| Grant Thornton and others, Defendants. | )<br>) |

### Order Granting the Defendant's Unopposed Motion for Relief from Consent Undertakings and Partial Relief from Judgment

This matter is before the Court upon Defendant Grant Thornton LLP's unopposed motion for relief from consent undertakings and partial relief from judgment pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure. (ECF No. 14.) Upon review of the motion, the record, and the relevant legal authorities, the Court **grants** the motion. (**ECF No. 14**.)

Rule 60(b)(5) authorizes courts to "relieve a party or its legal representative from a final judgment, order or proceeding" where its application "prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). Undertakings, or promises to perform certain acts in the future, are "prospective" in their application, and thus properly within the limits of the equitable subsection of Rule 60(b)(5). *Cf. Flexiteek Americas, Inc. v. PlasTEAK, Inc.,* 08-60996-CIV, 2012 WL 5364263, at *6 (S.D. Fla. Sept. 10, 2012) (Seltzer, Mag. C.J.), *report and recommendation adopted as modified*, 08-60996-CIV, 2012 WL 5364247 (S.D. Fla. Oct. 31, 2012) (Cohn, J.). The Rule "encompasses the traditional power of a court of equity to modify its decree in light of changed circumstances." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 441 (2004); *see also Hodge v. Dep't of Housing and Urban Dev.*, 862 F.2d 859, 861-62 (11th Cir. 1989) (Congress has codified in Rule 60(b)(5) the judicial formulation of a court's inherent power to modify an injunction in adaptation to changed conditions). Consent decrees in particular have "long been recognized as subject to potential modification by the court in the future." *Griffin v. Sec'y, Florida Dept. of Corr.*, 787 F.3d 1086, 1090-91 (11th Cir. 2015).

At issue are the Consent Undertakings dated October 15, 1986 and the Final Judgment dated October 16, 1986, which, the Defendant contends, "impose superfluous and unduly burdensome undertakings" on the Defendant following its nearly 35 years of compliance. (ECF No. 14 at 1.) As the motion explains, these undertakings have generally been rendered outdated by changes in both law and facts. As to legal changes, the Sarbanes-Oxley Act of 2002 created the Public Company Accounting Oversight Board, which has replaced the SEC's partner

rotation policies that existed in 1986. (*Id.* at 4.) Other portions of the Consent Undertaking also apply to employment positions that "no longer exist[] at Grant Thornton" and, as the motion avers, were replaced by more comprehensive technical review positions. (ECF No. 14 at n.9-10.) Additionally, new professional standards that apply to the Defendant address portions of the Consent Undertaking that have governed Grant Thornton. (*Id.* at 6.) Finally, the Court takes into account that the Securities and Exchange Commission has chosen not to oppose the motion. (*See* Exhibit 5, ECF No. 14-5 (April 20, 2020 e-mail from SEC Special Trial Counsel Timothy N. McGarey ("After due consideration, the Commission will not oppose a Rule 60(b)(5) motion filed by Grant Thornton seeking to vacate the Undertakings contained in the ESM Consent Order.").)

Accordingly, the Court **grants** the motion (**ECF No. 14**) and the Consent and Undertakings of Grant Thornton LLP, dated October 15, 1986 are hereby terminated. Parts III, IV and V of the Final Judgment of Permanent Injunction and Other Equitable Relief as to Grant Thornton, dated October 16, 1986, are hereby terminated to the extent they relate to and/or incorporate the Consent Undertakings.

**Done and ordered** at Miami, Florida, on April 20, 2020.

_____
Robert N. Scola, Jr.
United States District Judge